# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **JOSHUA CHARLESTON WILLIAMS-BEY,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | EP- 25-cv-00379-KC-RFC |
| **CAPITAL ONE,** | § § § | |
| *Defendant.* | § § | |

## ORDER

On this day, the Court considered Plaintiff Joshua Charleston Williams-Bey's Supplemental Motion to Proceed *in Forma Pauperis*, ECF No. 4 [hereinafter "Suppl. Mot."]. The case was assigned to United States District Judge Kathleen Cardone and referred to United States Magistrate Judge Miguel A. Torres. The Supplemental Motion was subsequently referred to this Court.

### I. BACKGROUND

On September 10, 2025, Plaintiff filed a Motion to Proceed *in Forma Pauperis,* ECF. No. 1 [hereinafter "Mot."], which contained a Form "AO 240 (Rev. 01/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)" [hereinafter "Form AO 240"]. However, in submitting Form AO 240, Plaintiff declined to provide any of the requested information concerning Plaintiff's income, assets, or financial obligations. *Id.* Instead, Plaintiff responded to each question by writing "N/A," *id.* at 1–2, which the court infers to mean "not applicable."

Finding this application to be deficient, on September 16, 2025, the Court issued an Order, ECF. No. 2, directing Plaintiff to supplement his motion with a "**completed and comprehensive**"

Form "AO 239 (01/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" [hereinafter "Form AO 239"], sworn under penalty of perjury. *Id.* at 2. In its September 16 Order, the Court informed Plaintiff that he could not establish that he was unable to pay the costs of litigation by responding to "prompts for information concerning [his] income, assets, and financial obligations . . . only by writing 'N/A.'" *Id.* The Court further cautioned Plaintiff that it would not grant him *in forma pauperis* status if he failed to supplement his filings. *Id.*

On September 30, 2025, Plaintiff filed Form AO 239 with his Supplemental Motion. Despite the Court's clear instruction to swear that the contents of the form were "true and correct under penalty of perjury," Order 2, Plaintiff struck the words "under penalty of perjury" from the form before signing it, Supp. Mot. 1. Moreover, Plaintiff once again failed to provide necessary information regarding his financial circumstances. *See* Suppl. Mot. Instead, Plaintiff merely stated that "[t]here is no money," *id.* at 5, and reiterated that the form's requests for information were not applicable to him, *id.* at 1–5. Although Plaintiff appended an "Affidavit of Status and Statement of Facts" to his Supplemental Motion, the affidavit provided no insight into his financial circumstances beyond an assertion that he did "not have taxable income under the Internal Revenue Code." *Id.* at 6. Plaintiff did not file any additional supplemental materials by the October 1, 2025, deadline.

## II. DISCUSSION

"There is no absolute right to proceed in court without paying a filing fee in civil matters." *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir.1969)). To be granted the privilege of *in forma pauperis* status, a litigant "must submit an affidavit identifying all assets she possesses, as well as a statement that she is

unable to pay the necessary fees of bringing a federal civil action." *Matter of Burch*, 835 F. App'x 741, 749 (5th Cir. 2021) (citing 28 U.S.C. § 1915(a)(1)).  Following this submission, decisions to "permit or deny an applicant to proceed *in forma pauperis* [are] within the sound discretion of the Court." *Newberry v. Soto*, No. EP-23-CV-00084-DCG, 2023 WL 3509712, at *1 (W.D. Tex. Apr. 17, 2023), *report and recommendation adopted*, No. EP-23-CV-00084-DCG, 2023 WL 3302834 (W.D. Tex. May 8, 2023) (quoting *Chineme v. Hayes*, No. 21-CV-1851, 2021 WL 5910684, at *1 (N.D. Tex. Nov. 29, 2021)).

While Plaintiff submitted the supplementary motion within the required timeframe, the Court cannot find that he has proven that he is unable to pay the costs of litigation where he has responded to each request for specific financial information simply by stating that the request is "not applicable."  Based on Plaintiff's responses, the Court is unable to discern whether Plaintiff has no assets, or whether information concerning existing assets is simply being withheld.  While the Court is mindful of Plaintiff's statements that he has no money or taxable income, none of Plaintiff's submissions definitively address whether he has any non-monetary assets or non-taxable income sources.  In light of Plaintiff's unwillingness to affirm his answers under penalty of perjury, the Court finds that it has additional cause to doubt his candor.  As such, the Court finds that Plaintiff has not only failed to comply with the Court's order to provide comprehensive responses when completing Form 239, but has also failed to convince the Court that he "cannot[,] because of his poverty[,] 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

To conform to the Court's directives in its September 16 Order,  the Court once again orders Plaintiff to file a **complete and comprehensive** Form AO 239.  In completing the form,

Plaintiff need not doubt that the information requested by the form is indeed applicable to the Court's assessment of his entitlement to *in forma pauperis* status. To ensure clarity moving forward, Plaintiff should not respond to any question on the form with the phrase "N/A" or "not applicable." Instead, Plaintiff is ordered to respond to each request for quantitative information with a numerical value, and to provide full and thorough answers to all qualitative requests. In responding to the form's prompts, Plaintiff is cautioned that any non-responsive or evasive answers will result in a finding of non-compliance. Plaintiff is further advised that his responses to Form AO 239 will not be regarded as true if he fails to sign the "Affidavit in Support of the Application," included on Page 1 of Form AO 239, under penalty of perjury.

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff file the described supplementation on or before October 24, 2025.

**THE COURT FURTHER CAUTIONS PLAINTIFFF THAT, PURSUANT TO FED. R. CIV. P. 41(B), FAILURE TO TIMELY COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OF THE ABOVE-MENTIONED CASE.**

**SIGNED** this 6th day of October, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**